Case number 19-7065. Darrell Wilcox, individually and as representatives of a class of participants and beneficiaries, in and on behalf of the Georgetown University Defined Contribution Retirement Plan, the Georgetown University Voluntary Contribution Retirement Plan, and Michael McGuire, individually and as representatives of a class of participants and beneficiaries, in and on behalf of the Georgetown University Defined Contribution Retirement Plan, the Georgetown University Voluntary Contribution Retirement Plan appellants, versus Georgetown University et al. Mr. Nestico for the appellants, Mr. Netter for the appellees. Good morning, counsel. Counsel for appellants, do you wish to begin? Yes, Your Honor. Thank you, Your Honors. Good morning, and welcome to the post-COVID world of appellate argument. My name is John Nestico. I'm an attorney with the firm of Schneider-Wallace Cotrill-Konecki, attorneys for plaintiff's appellants. Your Honors, the issues in this case should not present even a closed question. The complaint contains specific and detailed allegations that the participants in the Georgetown plans were paying excessive and unreasonable fees for administrative services. In fact, on average, they were paying in the range of hundreds of dollars. In the case of... Counsel, as you know, the first question we have is whether we have jurisdiction. Yes, Your Honor. And of course, you know that appellee has argued we do not. So do you want to address that issue? Yes, Your Honor, of course. The order that was entered by the district court was very specific, explicit, and unambiguous. And that is that the court dismissed the complaint without prejudice. The precedents in this circuit and in others make it very clear that unless the action is dismissed without prejudice, that it is not a final and appealable order. I understand your point because we have said generally, but we've said that in specific factual context. And of course, appellee has argued the context here is different. So from my point of view, the question is, given the authority that you have cited, what weighs in your favor in terms of saying that the district court intended that her dismissal was a final appealable order? A couple of points about that, Your Honor. First, defendants rely significantly on the language of the opinion related to the order. And the fact is there were numerous claims in the complaint and addressed in the opinion that were factual based. For example, the court challenged our assertion that record keeping services could be obtained for roughly $35 on average per participant, but failed to address entirely the allegations that that we were able to address that in our proposed amended complaint, where we cited additional factual evidence, including national surveys, supporting the $35 claim. Another claim was the district court failed to address entirely the standing of participants in the district. Does a district court have to explain why it's dismissing a case? I'm not sure of the answer to that, Your Honor. If it's summary judgment, there's no requirement in the federal rules that the district court explain itself. Well, Your Honor, I think- Isn't our review de novo review? Yes, Your Honor. I believe it is. Yeah. So no matter what the district court says, listen, I want to cut away a few things. Can you ever have an action without a complaint in the federal system? I don't believe so, Your Honor, but- I agree. I mean, it's like having a complaint because it's been dismissed. How can you possibly have an action? Well, Your Honor, the decisions in this area clearly distinguish between the dismissal of a complaint and dismissal of the action. Some of them do and some of them don't. By the way, I mean, are unpublished orders in cases dismissing them or affirming under Rule 34J as our local rule, there are close to a hundred of those cases that were dismissed. The complaints were dismissed without prejudice and we rendered a merits opinion on them. Well, Your Honor, what I can do is cite to Murray v. Gilmore, which- Well, I know Murray. Yeah, yeah. Dismissal of an action but not dismissal of a complaint is a final appealable order. Yeah. And I think the distinction is that if the complaint can be resurrected by the allegation of sufficient additional facts, then the court should freely allow amendment of that complaint. Yeah, but yours can't because you were out of time. That's certainly the defendant's position, Your Honor. But as I said- 28 days and you filed in 30 days. That's only if the dismissal of the complaint without prejudice actually is determined to be a final appealable order. If it is not, then, and based on our arguments about it, I think that's the essential question. Well, just to, I don't want to take up all your time, but just to go back a little bit. The idea that, well, if the complaint can be repaired through an amendment, then it's not, the dismissal of the complaint is without prejudice, it's not a final order, runs into all kinds of difficulties, not the least of which is, how do we know whether it can be amended without, or repaired through an amendment? How do you know? And you don't know, necessarily know exactly why the district court dismissed the case, because there's no requirement the district court even give an opinion on that. So the commentators say, this is a total morass. It makes no sense and ought to be straightened out. Maybe that's, yours is the case to do it. Well, Your Honor, in this case, the district court did provide reasons why it was dismissing the complaint. For example, with respect to the allegations about excessive fees, the dismissal was based on lack of standing because neither of the two plaintiffs had invested in the Vanguard funds, but both of the plaintiffs had invested in the TIAA funds, which we also alleged charged excessive fees. And the court didn't even address that particular claim. Well, let me ask you, Appellee argues that looking at the order, which I take to be a rule 58 order, that as to your allegation regarding record keeping fees, that it failed to state a claim because the theory, according to the district court, was entirely speculative, contrary to case law and common sense, and does not warrant discovery, close quote. How did you understand the district court to view that? In other words, doesn't that support Appellee's view that the district court had rejected, for example, the legal theory behind your case? Your Honor, I think we understood it to mean she explicitly said that she rejected the proposition that record keeping fees for these contracts could be obtained at $35 per participant, but she didn't reject at all the allegation that these plaintiffs were paying up to $300 per participant. And that, by the way, is only on average. As we did in our proposed admitted complaint, when you translate that down to the individual level, we have plaintiffs who might have a $500,000 account in the plan who are paying $1,600 per participant. So at what point do the facts overwhelm that assessment? Do you agree then that if the entry on the docket saying this case is closed or the case is closed is something this court should consider, then you lose? Well, Your Honor, we reject that proposition, of course. That's just an administrative filing that doesn't seem to be tethered to the actual order of the court. And the other thing I would like to mention about that is defendants did not ask for dismissal of the action. Their motion for motion for dismissal was to dismiss the complaint, and they certainly failed to ask for dismissal with prejudice. The court relied significantly on the motion to dismiss. I pulled it up on the docket. It did ask for dismissal with prejudice, dismissal of the complaint with prejudice. The actual motion to dismiss, Your Honor, I believe specifically requested only motion to dismiss based on 12b1 and 12b6, and there was no mention in the motion to dismiss at all or in the memorandum in support of the that the action should be dismissed with prejudice. And that was the issue in Sieralski, where the plaintiff had filed an initial complaint that was 109 pages. The defendant filed a motion to strike the complaint, and then they filed a subsequent, with leave of court, an amended complaint that was not equally as long but basically did not take care of any of the then actually requested a motion to dismiss with prejudice that was granted by the court. To Judge Randolph's question about how do we know, if the district court were aware of these cases as they submitted in, as the court submitted in their subsequent memorandum opinion, then it would clearly have been possible to be more specific in the original dismissal order rather than simply say that the complaint was dismissed without prejudice, which from our perspective and the perspective of really the majority of the courts that have addressed this issue allow for or should allow for leave to amend, especially when it's with respect to the first complaint and especially when there are significant factual issues that were addressed by the court in that memorandum opinion. Do you want to save the rest of your time for rebuttal or do my colleagues have any? Yes, Your Honor, I would like to do that. Thank you. All right. All right, we'll hear from counsel for Appley. Thank you, Judge Rogers, and may it please the court, Brian Netter for Georgetown University et al. If I could begin, Your Honors, with Judge Rogers' first question to counsel for the appellants. Which was, how are we to know that in this particular case the action was closed? And I think there are a number of considerations here. The first of which is that Judge Collier signed an order that she posted to the docket saying this case is closed. The second is that... Counsel, let me ask you, when you say the case is closed, in your reading of that, that is indicative of the district court having stepped away from the case and it's a final appealable order. But as you know, other circuits have viewed that language to be ambiguous and may only refer to an administrative matter having nothing to do with whether the order is a final appealable order. What's your response there? I don't think that that... I gather that Your Honor is referring to the string side of cases from other circuits and appellants' reply brief. And we don't share the appellant's interpretation of those cases. Every single one of those cases was clearly an administrative closure in which there was further action anticipated. The vast majority of those cases were circumstances in which a court had granted a motion to compel arbitration and was holding on to jurisdiction for the post-arbitration proceedings. There isn't a single case the plaintiffs have cited from this circuit or from any other circuit where a case was dismissed, there were no further proceedings contemplated, and that dismissal, with or without prejudice, was deemed to be a non-final order. Well, in their opening brief, they cite the Seventh Circuit case, all right, saying that a docket notation can't change an order that is not final into a final appealable order. That's what I'm focusing on here, as to how are we to know, A, assuming we take the docket under the rules authorizing the clerk's office, or in this case, as is argued, presumably the district court's law clerk, to add a notation that is not anywhere in a statement by the district court herself in any of her orders or the memorandum opinion in January. Well, Your Honor, the orders that are posted by the district judge on the docket are orders of court. There are frequently orders that have no attached document at all, and those are just as binding as a link on the docket to another document. Suppose the clerk, law clerk, had said on the docket, pay $25. So if the court's question is if the law clerk, I guess there are two aspects of this. One is distinguishing between the law clerk and the judge. And we know in this case that this order came from Judge Collier because in her subsequent order denying the Rule 59 motion is untimely. She took ownership of that order. So if the question is what if we have a law clerk acting beyond the authority of the law clerk, that's just not a circumstance we have here. But in any council, what I'm really focusing on is as of the January memorandum opinion and order, what signal or what should we find in Judge Randolph's view signal that this was a final appealable order where the what I'm describing as a Rule 58 order says for the reasons stated in my memorandum opinion, I grant the motion to dismiss and the complaint is hereby dismissed without prejudice. So, Your Honor, three things. You know, first is we do believe that the language, this case is closed, is significant because it describes what the district court's intent was, which under Surolski is the governing standard. Second of all, the absence of any date or mention of the prospect of amendment is also a significant consideration here. In my experience, when a court dismisses a complaint without prejudice, but thinks that there is some amendment that's possible, the court will set a 14 or 21 day deadline for the for the case to move forward. Here, there is no mention of that at all. And that also does the court. Is the court required to do that, though, in order to keep the case open? Well, I don't think that the court is required to set a particular deadline, but the court can also just say that it anticipates that it's going to allow for the plaintiff to have some opportunity to replete, which was what happened in Murray versus Gilmore, where Judge Sullivan said, I'm going to keep this case open because I'm going to wait for an amended complaint once the plaintiff can develop the argument there. In Surolski, the court dismissed the case without without prejudice, contrary to what Mr. Nestico said, for a reason where the complaint clearly could have been amended again, because it was dismissed for failure to get to plainly articulate the allegations that plainly state the claim under Rule 8. And in that case, the district court indicated that it dismissed the action as opposed to just the complaint, because the plaintiff had not indicated any desire to amend the complaint before the case was dismissed. And the same thing is here true, is here too, that the plaintiffs could, upon reading Georgetown's motion to dismiss, they could have amended their complaint there, they could have indicated in their opposition that there were additional facts that they had available. It's also important to keep in mind here that this case is not an isolated case. This was, if I'm counting correctly, the 17th class action lawsuit that was filed against a large private university alleging that the retirement plan had been misconfigured in basically the same way in each case. So I think it's a reason. May I interrupt you? If the only thing that happened, as you say, is the judge issues an order dismissing the complaint without prejudice, and the next day, the plaintiff files a notice of appeal, and then a week later files a motion to amend the complaint. Is the notice of appeal null and void retroactively? It's not null and void. So the federal rules contemplate that if there's a post-judgment motion that is pending, that effectively the notice of appeal doesn't ripen until that period has been delayed. If the assumption of the court's hypothetical is that this was a dismissal of the action, and there were no contemplated proceedings- It's been said in Murray, and well, I think Murray may have misunderstood the Churowsky case, but in any event, I don't understand the distinction between dismissal of the action and dismissal of the complaint. You can't have an action unless you have a complaint, and if the complaint's dismissed, then that's the end of it. It's pretty simple. Yeah. We certainly agree with that, Your Honor, but the way that we've tried to reconcile these cases that suggests that there is a world in which a complaint can be dismissed, but the court can anticipate future action such that it's retaining jurisdiction. The distinction that we draw is that there's no indication anywhere here that the court was intending to hold onto the case. What's the name? I've forgotten the name. The Supreme Court per curiam case where the judge dismissed the complaint without prejudice, but granted leave to amend in 20 days or 20, I don't know, some period of time, and no amendment came in, and then two years later, a notice of appeal was filed. What's the name? Do you recall the name of that Supreme Court case? I don't. There's a 1949 Supreme Court case that talks about jurisdiction after dismissals without prejudice. That's Wallace? That's Wallace, right. Right. No, I'm not talking about Wallace. There's another. I don't have it on the tip of my tongue, but well, go on. In any event, in order for the dismissal here to have been non-final, the district court would have had to have some ongoing connection to the matter, but here there was no such ongoing connection. As Judge Collier explained at the time, she was closing the case, which is not something that ordinarily happens with a dismissal of a case without prejudice if the court contemplates that there's going to be an amendment forthcoming. The plaintiffs had not requested any sort of amendment. There was no indication in the language of the opinion that there was some easy way to amend the complaint, and one worrisome aspect of the appellant's position here is the assumption that whenever there are deficiencies in the allegations, that there's always some way to just make up new allegations to plug that hole. In my experience, at least given that we have Rule 11, that's not the case, and when the plaintiffs decide to stand on their complaint, and this is a very lengthy complaint with I think more than 100 paragraphs of allegations, they're putting their best case forward, and if that case does not legally state a claim, as was the case here, then the case is over, and that surely is the way that the district court understood the proceedings to be here, and we view the circumstance to be governed by Soroski, which again was a dismissal without prejudice in which the court indicated that even though there was a possibility, even though it was because the plaintiff had not asked, had not indicated that it had future amendments to make, the dismissal without prejudice was a final appealable order. You know, in this string of cases under ERISA, in other circuits, the complaint has gotten further, and indeed one went to trial, so that where the district court here says your allegation is speculative, doesn't that invite the plaintiff to make it clear that no, it's not, that look at what other schools are doing, or your point is that, I'm just trying to understand the theory here, that given that we have this somewhat murky area, and the effort by this court, whether you agree with it or not, to sort of provide some clarity by talking about dismissal of a complaint, as compared to dismissal of an action without prejudice, that there's a burden on the plaintiff in order to make certain that it isn't missing its opportunity to appeal, to either file that protective appeal, or as I think your brief suggests, check with chambers, see what was really going on, what was intended, and that rationale, as I understand it, does not require this court to opine on the language the cases close, and whether or not that type of notation appears properly in the docket under Rule 79. So there were a bunch of questions there, Judge Rogers, let me try to unpack them. You know, we do agree that there are multiple ways that the court could rule for Georgetown here. One of them, a very straightforward way, would be to rely on the language the cases close, but even if you take that language out of the picture, we do believe that the dismissal without prejudice, with no provision for amendment, would also have constituted a final appealable order that started either the 28-day clock for Rule 59 motion, or the 30-day clock to notice and appeal. Now, I do want to go back also to the court's reference to the case that went to trial, which was Sacerdote v. NYU, because we draw precisely the opposite inference. So what happened in the NYU case was, in a bit of a rocket docket moment, that case was sped along to trial, and Judge Forrest conducted a two-week bench trial, and then wrote an opinion and said, my goodness, there's nothing here. All the allegations in this complaint presupposed that NYU could have achieved something different, but a plan that was starting out fresh could have gotten something different. But a plan that started out like NYU could have looked nothing like this. This is fanciful, it's fictitious. So when the district court in this case is backdrop of those trial findings in the NYU case, it's reasonable, we think, to evaluate the plausibility of the complaint by seeing whether the plaintiffs could come forward and make allegations that would surmount the findings of the trial judge in the NYU case. So because the plaintiffs could not actually allege that there were other universities that had these TIA annuities and that had similar lineups that were able to come up with a new plan that looked like they wanted, there's no reason for the case to move forward, despite the fact that the NYU plaintiffs had an opportunity to conduct a discovery and to develop the facts. So that, in our view, is really a further justification for why it made sense for the case to be over upon the dismissal of the complaint. Mr. Netter, I just recalled the name of the Supreme Court Procurium case. It's Young, or J-U-N-G, 1958. Are you familiar with that case? Not off the top of my head, Your Honor. If the court would like for us to file a letter about it, we'd be happy to. What happened is that it was a dismissal without prejudice but would leave to amend for two weeks. And the time expired for amendment and two years passed. And then the plaintiffs appealed and the Supreme Court allowed the appeal as timely. How do you explain that? Well, again, Your Honor, it's hard for me to answer that question without immediate familiarity of the case. And we would be happy to submit a letter. One would think that modern jurisprudence, there are some circumstances in which a complaint is dismissed without prejudice and there is a time period provided for amendment. And courts have found that if the plaintiff does not amend within that time period, that the expiration of that time period constitutes when the order becomes final. We can certainly look into this Young case and figure out if it remains good law. But it's hard for me on the spot to try to understand how that can be reconciled with the other more recent binding authorities that we've cited in our papers. Okay, thank you. All right. If there are no further questions, we would ask the court to dismiss the appeal for wanted jurisdiction or any alternative to affirm. Thank you. All right, counsel for appellant? Judge Randolph, I would like to address your question about the difference between a complaint and an action. I think there is a very clear distinction between two things. The complaint is alleging facts that supports a particular claim of liability. And the question is whether the factual allegations in that complaint support the claim of liability. The action is the claim of liability. And when an action is dismissed, the court is making a decision that no factual allegations and no amendment to that complaint could support that claim of liability. Can there be an action without a complaint? No, Your Honor. And if there can be, will you please explain to me how that is possible? Your Honor, I think it's looking at it from two different perspectives. I agree that there cannot be an action without a complaint. The question is, does the complaint support the action? And there can be various iterations of the complaint. So, for example, the real issue is, can that complaint be revived by the allegation of additional facts that would support the action? And I think there are numerous instances in this particular case that indicate that would be true. One is, of course, with respect to the issue about whether the claim regarding the limitations on the TIA traditional annuity were barred by the statute of limitations. Defendants noted in a footnote that it was barred by the three-year statute of limitations. And the district court seized upon that to claim that that applied. The fact is, however, May I interrupt you? You triggered something that I hadn't really focused on. I think it's an interesting point. Did the defendants here file an answer to your complaint? No, Your Honor. So any amendment that you have would relate back, right? Correct. Okay. All right. Thanks. So that particular issue, the three-year statute, depends on whether the plaintiff had actual knowledge of the claim, of the illegal activity. Not just whether there were restrictions on the annuity contract itself, but whether, in fact, those restrictions violated the law. So that is clearly a factual issue that could have benefited by additional factual inquiry. And the plaintiffs never had an opportunity to address that issue. So again, to your point about the district court in any way that it wished to file for leave to amend the complaint? I'm sorry, Your Honor. Would you repeat the question, please? Did the plaintiffs indicate to the district court in any way what you're telling us today? Namely, that there were allegations that could have been made to address the concerns of the plaintiffs, and therefore, the plaintiffs would be filing a motion for leave to file an amended complaint. We did not in advance, but we did within 30 days of that. I understand that, but I'm talking about before that, because you ran into that 28-day problem. And I know you say there was no time limit to a Rule 15 motion, but still. Well, again, Your Honor, based on precedent from multiple districts, our view was that that initial opinion and order, which simply dismissed the complaint without prejudice, was not a final appealable order. That therefore, we had a reasonable time to file our motion for leave to amend. No, I understand. And you know, there is a way to read the rules to say that the rules have been amended to try to make the Rule 48 order clear. So we don't have cases like this. But my point is that at least the law in this circuit and other circuits is not so clear. And therefore, was there not some burden on you to try to seek a clarification rather than risk that you might lose your opportunity to appeal? Your Honor, I don't believe the burden should be on the plaintiff in that particular case, especially when the cases are pretty clear. And take Chorosky. The court in Chorosky told the plaintiff that unless they complied with the court's order regarding the amendment to the complaint, that the action was going to be dismissed with prejudice. So you think the burden is on the court, the district court? Yes, Your Honor, I do, to make the order clear. Otherwise, it becomes a complicated matter. Right. Well, that's my point. Whose burden is it to seek clarification of the district court's order if it's not clear? And I assume, and this is pure speculation on my part, that whoever prepared the docket entry was trying to signal that. At least that's one way to read that docket entry. Well, Your Honor, I also go back again to my point that when defendants filed their motion to dismiss, they did not seek dismissal of the action without prejudice. They specifically sought dismissal of the complaint based on 12B1 and 12B6. And therefore, the court's original order simply granted defendants' motion to dismiss. I said you did not include the defendants' motion to dismiss in your appendix. And I'm not saying you were required to. But given the nature of this case and our trying to figure out what's going on, I went to the docket to see what the defendants had said in their motion to dismiss. I'm looking for my copy right now. But I thought they had very clearly, and I can look again, that they had moved to dismiss the complaint with prejudice. Your Honor, I don't believe that's true. I can clarify that later. All right. Anything else? My colleagues, any questions? No, not for me. All done. Anything further, counsel, for appellant? No, Your Honor. Thank you very much, counsel. We'll take it under advisement.
judges: Rogers, Rao, Randolph